# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**JAIME NAVARRO,**

      Plaintiff,

vs.

**JOHN REDEL, TAMARA WEBER, JAMES WEBER, JAMES VOSS,** AND **AMERICAN CLASSIC PROPERTIES, INC.,**

      Defendants.

Case No. 07-C-0415

## AMENDED PROTECTIVE ORDER

Upon the Stipulation of the parties, and the Court being fully advised in the premises and finding good cause for entry of a protective order herein, it is hereby **ORDERED**:

1. The designation of documents containing confidential information shall be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." A party providing material may designate it as "CONFIDENTIAL" only when such party in good faith believes it contains sensitive personal information generated incident to the divorce proceedings between plaintiff Jaime Navarro and defendant Tamara Weber (specifically, information relating to child placement issues, the division of marital property not at issue in the above-captioned action, and the personal finances of Mr. Navarro and Ms. Weber), and that it is not a part of the public record in those proceedings.

2. Except for documents produced for inspection at the party's facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for

inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

      3.     Portions of depositions of a party or other witness, insofar as the testimony deals with or otherwise discloses information claimed to be confidential, must be deemed confidential only if they are so designated as such when the deposition is taken.

      4.     Information or documents designated as confidential under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

      5.     The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

      a.     Disclosures may be made to the employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and agree to become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

      b.     Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the

information was disclosed or identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information. Any such employee to whom counsel for the parties makes such a disclosure must be advised of, and agree to become subject to the provisions of this Order requiring that the documents and information be held in confidence.

  c. Disclosure may be made to court reporters engaged for depositions and both persons, if any, specifically engage for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or persons engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

  d. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that such documents and information be held in confidence.

  6. Except as provided in the foregoing subparagraph, counsel for the parties must keep all documents designated as confidential which are received under this Order secure within their exclusive possession, and must keep such documents in a secure area.

  7. All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

8. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, such papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED." A reference to this Order and Rule Civil L. R. 26.4 may also be made on the envelope.

9. A party seeking to challenge a designation of confidentiality by any other party shall first informally approach the designating party to request a change in the designation at issue. If agreement be cannot be reached after a good faith attempt to do so, such designation of confidentiality may be challenged by an opponent upon motion. The movant must accompany such a motion with the statement required by Civil L.R. 37.1. The party prevailing on any such motion must be entitled to recover as motion costs its actual attorneys fees and costs attributable to the motion.

10. At the conclusion of this litigation, all material not received in evidence, and treated as confidential under this Order must be returned to the originating party. In the alternative, if the parties so stipulate, such materials may be destroyed.

Entered this 4rd day of January, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge