# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JAIME NAVARRO,

          Plaintiff,

     v.                                Case No. 07-CV-415

JOHN REDEL, TAMARA WEBER,
JAMES WEBER, JAMES VOSS,
AMERICAN CLASSIC PROPERTIES, INC.,
and KEEFE REAL ESTATE, INC.,

          Defendants.

_____

# ORDER

On May 4, 2007, plaintiff Jaime Navarro filed his complaint alleging that he was defrauded out of the fair value of his residence when his former wife, Tamara Weber, and his real estate broker, John Redel, purchased the residence through a "straw buyer" during Navarro and Weber's divorce. On May 21, 2007, defendants Tamara Weber and James Weber filed their answer to the plaintiff's complaint. On February 28, 2008, defendants Tamara Weber and James Weber filed a motion to amend their answer. For the reasons stated below, the court will grant the motion.

The moving defendants state that the requested amendment will correct an error in paragraph 28 of the original answer, responding to paragraph 41 of the plaintiff's complaint. Paragraph 41 of the plaintiff's complaint alleges that defendants John Redel and Tamara Weber each contributed $475,000 to the purchase price of a piece of property in dispute in the case. (Compl. ¶ 41.) In response to that paragraph, Tamara Weber admitted that she "loaned $475,000 in connection with

the purchase . . . ." (Answer of Defs. Tamara Weber and James Weber, ¶ 28.) Through her deposition and in an affidavit filed in support of her motion to amend, Tamara Weber states that she never loaned $475,000 towards the purchase price of the property; instead, she was given a promissory note in that amount from John Redel. (Weber Aff. ¶ 3.) The moving defendants assert that the error in the answer was not discovered until Tamara Weber's deposition on February 8, 2008. (Weber Dep. 187-91.)

It appears plaintiff's counsel told counsel for the moving defendants that the plaintiff would not oppose the motion to amend the answer to correct the discrepancy concerning the promissory note. (Johnson Aff. ¶ 5, Exs. B and C.) However, the plaintiff filed a brief in opposition to the motion, noting that pursuant to the scheduling order, amended pleadings were due by December 3, 2007, and arguing that the moving defendants have not demonstrated good cause pursuant to Rule 16(b)(4) to justify an amendment of the scheduling order.

Rule 15(a) specifically addresses amendments to pleadings and the rule declares that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court described the factors that courts should weigh when ruling on motions to amend pleadings.

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Id.* at 182.

Here, the record suggests that there has been no undue delay, bad faith, or dilatory motive on the part of the moving defendants in filing the motion to amend their answer. The moving defendants filed their motion to amend soon after the discrepancy was discovered during Tamara Weber's February 8, 2008 deposition. In addition, given that discovery does not close until July 31, 2008, and dispositive motions are not due until September 5, 2008, it does not appear that the plaintiff will be unduly prejudiced by allowing the amendment of the answer. In light of the foregoing, the court will grant the moving defendants' motion to amend their answer.

Accordingly,

**IT IS ORDERED** that defendants Tamara Weber and James Weber's motion to amend their answer (Docket #76) be and the same is hereby **GRANTED**; pursuant to Civil Local Rule 15.1, the clerk of court shall file the amended answer attached to the motion.

Dated at Milwaukee, Wisconsin, this 19th day of March, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge